IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

COLE JOHN DAUGHENBAUGH                                          PETITIONER
Reg. #17454-030

V.                          CASE NO. 2:18-CV-00013-JTK

GENE BEASLEY, Warden                                            RESPONDENT
FCI Forrest City

## MEMORANDUM AND ORDER

Pending before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2241 by Petitioner, Cole Daughenbaugh, (DE #1), who was sentenced to forty-eight (48) months imprisonment by the United States District Court of Southern District of Iowa after pleading guilty to being an unlawful user in possession of a firearm. (DE # 9-1) Petitioner is in the custody of the Federal Bureau of Prisons. *Id.* On March 30, 2017, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, in the Iowa United States District Court asserting ineffective assistance of counsel. *See Daughenbaugh v. United States,* 4:17-CV-00116 (S.D. Iowa). The Iowa district court dismissed Petitioner's motion concluding that his claims were meritless and denied a certificate of appealability. (DE # 9-3)

On May 18, 2017, Petitioner filed a Petition for Writ of Habeas Corpus in this Court, pursuant to 28 U.S.C. § 2241, seeking reversal of his sentence for: (1) ineffective assistance of counsel; (2) inaccuracies in presentencing report; (3) admission of hearsay evidence; and (4) failure of the district judge to address all arguments in his § 2255 petition. *See*

1

*Daughenbaugh v. Beasley*, 2:17-CV-00088-KGB (E.D. Ark.). The Court dismissed Petitioner's petition finding that it lacked subject matter jurisdiction to consider a sentence imposed by the United States District Court for the Southern District of Iowa. *Id.* Petitioner appealed the decision on February 26, 2018, and the appeal is still pending. *Id.*

Petitioner filed a second § 2241 habeas petition in the Court on July 25, 2017, alleging that his public safety factor ("PSF") designation was erroneously based upon information in his "pre-sentence report loaded with hearsay and testimony (out of court) from a third party." *See Daughenbaugh v. Beasley,* 2:17-CV-00124-JM (E.D. Ark.). The Court dismissed the petition with prejudice concluding that § 2241 was not the proper avenue to challenge a PSF designation because challenging the conditions of confinement are properly brought under 42 U.S.C. § 1983. *Id.* Petitioner appealed the decision on January 2, 2018, and the appeal is still pending.

On January 17, 2018, Petitioner filed the current § 2241 petition arguing that the Bureau of Prisons ("BOP") has refused to place him in a community confinement center or residential re-entry center within a reasonable time frame in light of the factors set forth in 18 U.S.C. § 3621(b).[1] Respondent filed his response on April 9, 2018, arguing that

---

[1] The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
    (1) the resources of the facility contemplated;
    (2) the nature of the circumstances of the offense;
    (3) the history and characteristics of the prisoner;
    (4) any statement by the court that imposed the sentence—
        a. concerning the purposes for which the sentence to imprisonment was determined to be warranted, or
        b. recommending a type of penal or correctional facility as appropriate; and
    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) or title 28.

Petitioner's petition should be denied because he has failed to exhaust his administrative remedies and because there is "not yet a case or controversy for the court to adjudicate." (DE # 9)  This Court agrees.

Federal prisoners must exhaust all available administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241.  *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004); *United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam).  The exhaustion requirement protects agency power by giving it "the opportunity to apply its expertise, exercise the discretion delegated to it by Congress, and correct its own alleged errors," and allows the agency to fully develop a factual record for judicial review as well as to aid the court in understanding technical matters.  *United States v. Dico*, *Inc.,* 136 F.3d 572, 576 (8th Cir. 1998).  The exhaustion requirement for a § 2241 habeas petition is judicially created; therefore, a court may exercise its discretion to decide a petition on its merits even if a prisoner has not exhausted his administrative remedies.  *Leuth v. Beach*, 498 F.3d 795, 797 n. 3 (8th Cir. 2007).

The Administrative Remedy Program, codified at 28 C.F.R. 542.10 et. seq., allows inmates to "seek formal review of an issue relating to any aspect of his/her own confinement."  The administrative procedure consists of first making an informal and

---

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status.  The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.  The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.  Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

formal complaint to the Warden, then an appeal to the appropriate Regional Director, and lastly an appeal to the General Counsel. *See* 28 C.F.R. § 542.15. Petitioner acknowledges that he has not sought administrative relief. In fact, when asked in the petition whether the Petitioner had first sought such remedy, he answered that he had not because "an administrative [remedy] would be futile, and without immediate relief by the court I will suffer irreparable harm." (DE # 1, pp. 3)  Thus, this case is dismissed, without prejudice, for failure to exhaust administrative remedies.

Even if the Court were to assume that exhaustion in this case was futile, it would nevertheless recommend denial of the petition on the merits. The Second Chance Act of 2007, 28 C.F.R. § 3624(c), provides that the "Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for reentry of that prisoner into the community." In response to the Act, the BOP issued a guidance memorandum requiring that all inmates be reviewed for pre-release residential reentry center ("RRC") placement 17-19 months before their projected release dates. *See Miller v. Whitehead*, 527 F.3d 752m 757-58 (8th Cir. 2008). Petitioner is serving a forty-eight (48) month sentence with a projected release date of November 8, 2019. (DE # 9-8, pp. 4) Petitioner had not entered the 17-19 month window of review when he filed this habeas petition, and at the time of this order, he is now within the period of review. The Petitioner has not suffered the harm or constitutional violations alleged; therefore, habeas review is premature and not appropriate at this time.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (DE #1) be, and is hereby, dismissed, without prejudice. The relief prayed for is DENIED.

SO ORDERED this 9th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE